UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

SHANE WILLIAMS, )
)
Petitioner, )
)
v. )     No. 1:17-cv-02801-JMS-MJD
)
SUPERINTENDENT, )
)
Respondent. )

## Entry Granting Petition for Writ of Habeas Corpus
## and Directing Entry of Final Judgment

The petition of Shane Williams for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 17-02-0151. For the reasons explained in this entry, Mr. Williams' habeas petition must be **granted**.

## A. Overview

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On February 14, 2017, Investigator C. Feldkamp issued a conduct report charging Mr. Williams with attempting to commit trafficking in violation of code number 111/113. The conduct report states:

> On 2/14/2017 at approximately 11:00 am I Investigator C. Feldkamp reviewed GTL conversations from offender Williams, Shane #168998. During the phone conversation offender Williams is using code to arrange illegal transactions. These codes are deceptive and commonly utilized by offenders to make arrangements concerning illegal narcotics, contraband as well as the transferring of money for the items described. A copy of the phone conversations mentioned in this conduct report are attached for the reviewers assistance.

Dkt. 5-1. Mr. Williams was notified of the charge on February 14, 2017, when he was served with the conduct report and the notice of disciplinary hearing. Dkts. 5-1, 5-2. The screening officer noted that Mr. Williams did not request any witnesses, but that he did request a review of the calls mentioned in the report. A review of the calls was prepared as follows:

> Phone call reviewed Number: 765-229-4024 Date: 02/02/2017 Time: 8:45pm

> On the above date and time I, Sgt. Faudree reviewed a phone call between Offender WILLIAMS and his mother. After completion of the call I did clearly hear the following:

> Williams: Will you get ahold of my buddy's mom? T[e]xt her and see if she's gonna do what I asked her to do.

> Mother: I'm not comfortable with doing that.

> Williams: it['s] what Cindy was asking you to do about Josh.

> Mother: I don't like it. I'm not comfortable with it.

> Williams: I guess I'll have to get somebody else to hold it for me.

> While listening to another call made to the same telephone number that was made on 2/14/17 I clearly heard the following:

> Williams: I got another write up. They are saying I was trafficking. I don't know what they are talking about.

Mother: That's crazy.

Williams: It might be for attempting to get Josh a paypal.

Dkt. 5-5. The hearing officer conducted a disciplinary hearing on February 16, 2017. Dkt. 5-6. The

hearing officer noted Mr. Williams' statement that, "I don't know which phone call this [sic], but

I have never talked about trafficking with my mom."[1] (*Id*.). Based on Mr. Williams' statement,

the transcript of the phone conversations, and staff reports, the hearing officer determined that

Mr. Williams had violated code number 111/113 (*Id*.). The sanctions imposed included 45 days

of phone, commissary, and JPay restriction, the deprivation of 37 days of earned credit time, and

the demotion of one credit class (*Id*.).

## C. Analysis

Mr. Williams is entitled to habeas relief. The Court will only discuss Mr. Williams' claim

that the evidence was insufficient to support the guilty finding because it finds this issue

dispositive.

Mr. Williams argues the evidence does not support the guilty finding. Specifically, he

argues that the conduct report does not support the charge of attempting to traffic or engage in

trafficking because the definition for trafficking states a physical object must be brought into or

taken out of the facility. Mr. Williams is correct.

The "some evidence" evidentiary standard in this type of case is much more lenient than

"beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978,

981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond

a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only

---

[1] Mr. Williams alleges that he requested the phone transcript but was not provided it during his screening.

that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Mr. Williams was charged with a violation of code number 111/113 conspiracy, attempting, aiding or abetting/trafficking. Dkt. 5-1. These offenses are defined by the Indiana Department of Correction as:

| 111 | **Conspiracy/Attempting/Aiding or Abetting** | |
| | Attempting or conspiring or aiding and abetting with another to commit any Class A offense. | |
| 113 | **Trafficking** | 233, 306, 353, 361 |
| | Engaging in trafficking (as defined in IC 35-44.1-3-5) with anyone who is not an offender residing in the same facility. | |

Indiana Code section 35-44.1-3-5(b) states:

A person who, without the prior authorization of the person in charge of a penal facility or juvenile facility, knowingly or intentionally:
(1) delivers, or carries into the penal facility or juvenile facility with intent to deliver, an article to an inmate or child of the facility:
(2) carries, or receives with intent to carry out of the penal facility or juvenile facility, an article from an inmate or child of the facility; or
(3) delivers, or carries to a worksite with the intent to deliver, alcoholic beverages to an inmate or a child of a jail work crew or community work crew; commits trafficking with an inmate, a Class A misdemeanor.

Here, the evidence is that Mr. Williams asked his mother to do something she was uncomfortable with and, when she refused, he suggested someone else could take possession of something. Dkt. 5-1. His mother's unwillingness to participate in whatever Mr. Williams was asking her to do indicates that he was attempting to do something inappropriate. However, the facts set forth in the conduct report do not provide any evidence that the inappropriate behavior was trafficking.

While the reporting officer stated in the conduct report that Mr. Williams was using coded language to "arrange illegal transactions," the officer's statement is not evidence that the transactions Mr. Williams was arranging involved bringing items into or out of the prison. The hearing officer suggested several possible meanings of the coded language: "These codes are deceptive and commonly utilized by offenders to make arrangements concerning illegal narcotics, contraband as well as the transferring of money for the items described." Given the array of possible meanings, Mr. Williams may have been urging his mother to assist him with the sale of illegal narcotics outside the prison or with other unauthorized financial transactions, but that is not what he was charged with. There are no facts in the conduct report or the call transcripts that support that Mr. Williams conspired to have someone bring an item into or out of the facility, as the definition of trafficking requires. Therefore, the evidence is insufficient to support the guilty finding in this action.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Because there was insufficient evidence of Mr. Williams' guilt, the disciplinary finding of guilt was arbitrary and that finding and the sanctions imposed must be **VACATED AND RESCINDED.** Accordingly, Mr. Williams' petition for a writ of habeas corpus in No. IYC 17-02-0151 is **GRANTED**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 2/1/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

SHANE WILLIAMS
168998
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov